## HAWKINS *vs.* THE GEORGIA NATIONAL BANK.

A garnishee under a void process is not relieved from paying interest on the money in his hands, especially where it does not appear that such money had been set apart to answer the summons, or was not used in his business.

Garnishment.   Interest.   Before Judge CRISP.   Sumter Superior Court.   October Adjourned Term, 1877.

On February 23, 1872, Hawkins, who was a debtor of the Georgia National Bank, was served with summons of garnishment in a case of the state against said bank. This remained until 9th March, 1876, when it was dissolved. The summons was issued directly from Fulton superior court, and was served on Hawkins, who resided in Sumter county; plaintiff therefore claimed that the proceeding was void. The only question now raised, is whether Hawkins is liable to the bank for interest while under garnishment. The court below held him liable, and he excepted.

HAWKINS & HAWKINS, for plaintiff in error, cited Code, §3546.

GUERRY & SON, for defendant, cited Code, §3537.

WARNER, Chief Justice.

The only question made in this case is whether a garnishee who has been summoned as such by virtue of a void process is liable for interest on the money in his hands, according to the provisions of the 3546th section of the Code. We think he is liable for interest, especially when it is not made to appear that he kept the money set apart to answer the summons of garnishment and did not use it in his own business.   *Geo. Ins. & Trust Co. vs. Oliver*, 1 *Kelly*, 38.

Let the judgment of the court below be affirmed.